# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JAMES CURTIS PHILLIPS,

    *Petitioner*,

vs.

BRIAN WILLIAMS, *et al.,*

    *Respondents*.

2:16-cv-02709-JCM-PAL

ORDER

Petitioner has submitted an application to proceed *in forma pauperis* and a habeas petition. ECF No. 1.

Under 28 U.S.C. § 1915(a)(2) and Local Rule LSR1-2, a petitioner must attach both an inmate account statement for the past six months and a properly executed financial certificate. Petitioner did not attach a financial certificate or an inmate account statement for the past six months. The application therefore is incomplete and shall be denied. Petitioner has, however, paid the filing fee ($5.00). Thus, the Clerk shall file the petition.

The court has reviewed the proposed petition and finds that it is defective in the following respects. To begin with, petitioner has not properly verified the petition by including his signature under penalty of perjury. *See* Rule 2(c)(5), Rule Governing Habeas Corpus Cases Under Section 2254.

In addition, petitioner has drafted and organized his petition in a manner that precludes orderly adjudication of his claims. This defect arises, in part, from petitioner's failure to use this court's form petition to plead his individual claims. For example, page three of the petition should contain the

heading for Ground One and petitioner's factual allegations in support of that ground. Instead, pages three and four of petitioner's proposed petition contain an unnecessary explication of the law applicable to ineffective assistance of counsel claims, which is followed (starting on page five) by proposed grounds for relief identified in the following order – "Ground Two," "Ground Three," "Ground Four," "Ground 3," then "Ground One."

Also, petitioner pleads multiple claims within individual grounds for relief. For example, in the ground he identifies as "Ground Two," petitioner claims that his counsel was ineffective for failing to subpoena documents, for failing to advise petitioner of his rights, for failing to move for an acquittal, and for coercing petitioner into pleading guilty. Instead of being combined under one ground, each factually-distinct claim for relief must be pleaded under a separate ground for relief.[1] Petitioner also duplicates some of his claims and allegations throughout his petition.

Despite the foregoing, it appears that petitioner may have tenable claims for relief. Thus, the petitioner shall have an opportunity file an amended petition in a more manageable form. *See Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971) ("[A] petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.").

Petitioner is advised to closely follow the instructions provided with the court's form petition for writ of habeas corpus, as well as the instructions on the form itself. In particular, petitioner should note that every claim in which he contends there was a violation of his constitutional rights is a separate ground for relief and must be pleaded under a separately-numbered ground in the form petition. In other words, each contention petitioner believes to be sufficient for the court to grant relief is a claim/ground and must be separately presented, not mixed into the discussion of another claim/ground. In addition, each ground must include all the relevant facts that support it, but only those facts. Lastly, petitioner is not limited in the number grounds he may include in his federal petition, but federal habeas relief is not available for claims that have not been properly presented to the Nevada Supreme Court.

---

[1] For some of these claims, petitioner fails to provide necessary factual information. For example, he does not identify the particular documents counsel failed to subpoena.

The court, therefore, instructs petitioner to consider the matter carefully and to determine all possible claims for habeas corpus relief. If petitioner knows or learns of any exhausted or unexhausted claims which are not included in the present petition, petitioner should include these additional claims in his amended petition. Petitioner's failure to inform the court of these additional claims may prevent petitioner from ever raising these claims at a later date.[2]

In addition, petitioner has filed a motion for the appointment of counsel. ECF No. 2. Pursuant to 18 U.S.C. §3006A(a)(2)(B), the district court has discretion to appoint counsel when it determines that the "interests of justice" require representation. There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555(1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970). At this point, the issues in this case are not particularly complex. It does not appear that appointment of counsel is warranted in this instance. Petitioner's motion for the appointment of counsel is denied.

**IT IS THEREFORE ORDERED** that the application to proceed *in forma pauperis* (ECF No. 1) is DENIED. However, because petitioner has paid the filing fee, the Clerk shall FILE the petition for writ of habeas corpus. The Clerk shall refrain from serving the respondents at this time, pending the amendment of the petition.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty days (30) days** from the date of the entry of this order on the record within which to file with the court an amended petition which corrects the deficiencies identified in this order. In addition to correcting the problems which the court has identified, petitioner shall include in that amended petition any and all additional claims for habeas corpus relief of which petitioner is aware.

---

[2] This order does not explicitly or implicitly hold that the petition otherwise is free of deficiencies.

1 **IT IS FURTHER ORDERED** that if petitioner fails to respond to this order in the time and
2 manner provided above, the court shall conclude that petitioner does not desire to pursue this matter,
3 and shall enter an order dismissing this case, without prejudice.

4 **IT IS FURTHER ORDERED** that the Clerk shall the Clerk shall send petitioner a noncapital
5 Section 2254 habeas petition form, one copy of the instructions for the form, and a copy of his initial
6 habeas petition.

7 **IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel (ECF No.
8 2) is DENIED.

9 DATED: January 20, 2017.

_____
UNITED STATES DISTRICT JUDGE