# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JAMES CURTIS PHILLIPS,

    *Petitioner*,

vs.

BRIAN WILLIAMS, *et al.,*

    *Respondents*.

2:16-cv-02709-JCM-PAL

ORDER

This is a habeas corpus proceeding pursuant to 28 U.S.C. § 2254 brought by James Curtis Phillips, a Nevada prisoner. On May 26, 2017, respondents filed a motion to partially dismiss Phillips' amended habeas petition (ECF No. 8), arguing that Ground 8 of the petition is either untimely or procedurally defaulted. ECF No. 12. Phillips has not responded to the motion.[1]

Respondents' argument as to the timeliness of Ground 8 is without merit. Respondents concede that Phillips' original habeas petition was filed within the one-year statutory period imposed by 28 U.S.C. § 2244(d), but contend that Ground 8 was not raised until Phillips filed his amended petition, which, according to respondents, was filed on February 13, 2017. They further contend that the statutory period expired on February 11, 2017, and that Ground 8 does not "relate back" to the original petition.

---

[1] Based on the online records for the Nevada Department of Corrections, it appears as if Phillips has been paroled. *See* http://167.154.2.76/inmatesearch/form.php. He has not provided this court with a new address.

While February 13, 2017, is the date this court received the amended petition, the relevant date is the date on which Phillips handed the pleading to prison authorities for delivery. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (under the "mailbox rule" a pro se petition is deemed filed when it is given to prison authorities for forwarding to the court clerk). It stands to reason that it took at least two days for the amended petition to arrive at the court from the time Phillips turned it over to prison officials. Thus, Phillips' amended petition shall be deemed filed on or before February 11, 2017.[2] Accordingly, Ground 8 is not barred by § 2244(d).

Though Ground 8 is timely, respondents have, with respect to the claimed procedural default of the claim, carried the initial burden of adequately pleading "the existence of an independent and adequate state procedural ground as an affirmative defense." *Bennett v. Mueller*, 322 F.3d 573, 586 (9th Cir. 2003). Specifically, they cite to this ruling by the Nevada Supreme Court:

> Further, to the extent [PHILLIPS] separately claimed the State and the district court breached the plea agreement, these claims were not properly raised in a post-conviction petition for a writ of habeas corpus challenging a judgment of conviction entered pursuant to a guilty plea. *See* NRS 34.810(1)(a). Therefore, the district court did not err in denying the petition.

ECF No. 13-27, p. 3.

Under *Bennett*, the burden then shifts to the petitioner "to place that defense in issue," which the petitioner may do "by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule." *Id*. at 586. Because Phillips has not responded to respondents' motion, he has not met this burden. Thus, this court concludes that Ground 8 is procedurally defaulted and shall dismiss it on that basis.

Finally, this court suspects that Phillips has not kept the court informed of his current address as required by Local Rule, LR IA 3-1. Consequently, he will be directed to comply with the

---

[2] The court also notes that Phillips' verification of the amended petition bears the date of February 8, 2017. While that is not necessarily the date he handed the petition to prison authorities, it lends support to a finding that Phillips should be credited with a filing date no later than February 11, 2017.

local rule or face dismissal of this action as provided in the rule.

IT IS THEREFORE ORDERED that respondents' "Motion to Partially Dismiss Petition for Writ of Habeas Corpus" (ECF No. 12) is GRANTED. Ground 8 is dismissed from the amended petition (ECF No. 8) as procedurally defaulted.

IT IS FURTHER ORDERED that respondents' shall have **sixty (60) days** from the date this order is entered within which to file an answer to the remaining claims in the petition. Petitioner shall have **thirty (30) days** following service of respondents' answer within which to file a reply.

IT IS FURTHER ORDERED that petitioner shall respond to this order within 30 days to either (1) indicate that the address on record with the court (High Desert State Prison, PO Box 650, Indian Springs, NV 89070-0650 ) remains valid or (2) provide the court with a current mailing address. Petitioner's failure to respond within the time allotted may result in the dismissal of his petition.

DATED: February 5, 2018.

_____
UNITED STATES DISTRICT JUDGE